PARKER vs. RAYMOND & VOSE.

1. On the hearing of an injunction by a landlord against his tennant, for cutting and carrying away timber, it is not necessary for the landlord to prove his title. A tenant cannot dispute his landlord's title.

## APPEAL from St. Louis Circuit Court.

MOREHEAD, for appellants.

The bill does not set out sufficiently the title of complainants; the interest of plaintiffs must be joint: Smith's Ch. P., v. 1, p. 98.

The affidavit was defective: Ib. 395.

But as to the trial of the case—

The answer denies that complainants are the owners—denies notice to desist—admits a lease from Frothingham, but as agent of whom he did not recollect, and calls for the lease—denies committing waste otherwise than as authorized by the lease and by Vose—that he left the premises before the expiration of the lease, to-wit: on the 1st March 1848.

On the bill there is no title, (see notice)—no waste except reasonable and authorized waste. There was no title papers filed or exhibited—there was no evidence of title except the verbal statement of Frothingham, which we insist was not the best evidence that could have been produced. It will be urged that the tenant cannot dispute the title of his landlord. This is in some cases true, but does not apply here. The landlord here was Samuel Raymond (see lease.) But if Samuel Raymond had filed this bill he could not have sustained it unless he had given notice to desist, of which there was no proof: Vesey 16, p. 173; Smith. v. 1, p. 588.

But the evidence as to waste is not sufficient to authorize a recovery.

The answer denies waste. McGee states that Parker cut and carried away timber up to the time he left the premises.

The answer and Parker's witness state he left the premises before the first of March, and which was before the injunction was served. Parker was not liable unless he knew the order was granted: Smith, v. 1, p. 123.

McDonald stated Parker cut timber a long time, that he cut and hauled timber in the spring of 1848. Two witnesses, or one with corroborating circumstances can only prevail against an answer. The answer says he did not cut timber, or use the place after he left it, which was before the first of March 1848. Defendant's witness stated that he left the place before 1st of March 1848. There was no positive proof as to waste, after the bill was filed, and certainly none after the writ was served. We therefore insist, that defendant should not have been compelled to pay the costs. Parker had a right to use the timber unless restricted by the terms of the case, or notified to quit.

There was no prayer to perpetuate injunction; but even if Vose had any claim he sold to Parker, giving him till the 1st of March to comply. As to Vose, his acts were lawful whatever they were. Vose had no remedy till after the 1st of March: See evidence of defendant's witness and of Frothingham. The matter in contest is small, but important to appellant on account of colateral facts.

NAPTON, J., delivered the opinion of the court.

In this case we see nothing calling for the interposition of this court. An injunction was granted by the circuit court against the appellant, Parker, for cutting and carrying away timber from a tract of land owned by the plaintiff and leased by them to the appellant. The testimony on the hearing, in relation to the waste, was ample and satisfactory. The answer in truth does not deny it, except in restricted and equivocal

language. The only objection here, in addition to the sufficiency of the testimony, and this objection was not made in the court below, was that the complainants did not prove their title, but this was unnecessary as against their tenant.

Decree affirmed.